Emery TOLSON, Appellant,

v.

**PRATT BROTHERS COAL COMPANY, James R. Yocom, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, and Workmen's Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Aug. 18, 1978.

Discretionary Review Denied Jan. 9, 1979.

Grayson Johnson, Hindman, for appellant.

Richard Ward, Craft, Barrett, Haynes & Ward, Hazard, for appellee, Pratt Bros. Coal Co.

Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, John Riehl, Jr., Dept. of Labor, Louisville, for special fund.

Before GANT, COOPER and HOGGE, JJ.

GANT, Judge.

This is an appeal from a Letcher Circuit Court order reducing an award of the Workmen's Compensation Board from $59.00 per week to $29.50 per week for 50% permanent partial disability resulting from pneumoconiosis. The only question before us is the proper method of computing the award.

Appellant Tolson is 43 years old, married, has seven children and on the date of last exposure, August 23, 1974, he was making an average weekly wage of $270.00 per week. Acting on a claim filed on February 9, 1976, the Workmen's Compensation Board awarded Tolson $59.00 per week for 400 weeks based upon a finding of 50% permanent partial disability. Appellee Pratt Brothers Coal Company filed with the Board a Petition for Reconsideration which was overruled, and subsequently filed a Petition for Review with the Letcher Circuit Court. That court determined the computation of award made by the Board was incorrect and remanded the case for recomputation. This appeal was taken from that judgment.

Appellees maintain that the proper method of computation is that used by the court below, i. e., to first apply KRS 342.070(5) (1970)[1], taking 50% of 85% of the average weekly wage in the state during the year of disability, which is undisputed as being $139.49, yielding $59.00. Appellees would then have us apply the percentage of disability (50%) to this figure for a total payment of $29.50.

This is contrary to the holding in *C. E. Pennington Co. v. Winburn*, Ky., 537 S.W.2d 167 (1976). Although the court in *Pennington* was interpreting the 1972 statutes, KRS 342.730(1)(b) and KRS 342.740(1), the wording of the 1970 statutes controlling the present case is identical to the newer statutes with the exception of the percentages. We can find no logical basis for interpreting the former statute differently from the latter. Therefore, in computing permanent partial disability benefits, the formula to be used under KRS 342.110 (1970) is as follows: Take 66⅔% of the average weekly wage of the employee multiplied by the percentage of disability. This yields the figure of $90.00 per week in this case. Appellant's average weekly wage was an undisputed $270.00 times 66⅔% times 50% equals $90.00. *Then* apply the limitations of KRS 342.070(5) that the maximum award may not exceed 85% of 50% of the average weekly wage in the state, or $59.00. Thus, the award must be $59.00.

The judgment of the lower court is therefore reversed with instructions to reinstate the award of the Workmen's Compensation Board.

All concur.

1. Tolson's last exposure was after January 1, 1973; therefore, the 1970 version is the applicable statute. *Maggard v. International Harvester*, Ky.App., 508 S.W.2d 777 (1974).